

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7796 | **DATE** | 10-12-12 |
| **CASE TITLE** | Erwin Coleman (2012-0212144) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 3), is granted. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. The Court authorizes and orders Cook County Jail officials to deduct $5.93 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is instructed to add Cook County Correctional Officer Mason as a defendant and terminate defendants Cook County, Tom Dart, and Cook County Department of Corrections. The clerk shall also issue a summons for service on defendant Mason and send plaintiff a Magistrate Judge Consent Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendant.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Erwin Coleman, a Cook County Jail detainee, has brought a civil right suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.93. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Plaintiff alleges that he was knowingly exposed to raw sewage in his cell by Cook County Correctional Officer Mason. He complained but Mason refused to take any action to correct the issue or

relocate plaintiff. Plaintiff may proceed with a claim against Mason for exposure to an unconstitutional condition of detention. *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004).

However, defendants Cook County, Tom Dart, and Cook County Department of Corrections are dismissed. Plaintiff does not successfully allege that the exposure was due to an official county practice, or otherwise was part of a wide spread pattern or practice. *Palka v. City of Chicago*, 662 F.3d 428, 434-35 (7th Cir. 2011). Plaintiff seeks to hold Sheriff Tom Dart responsible because he has overall responsibility for the jail. This is inaccurate as a Dart's supervisory status is insufficient by itself to hold him personally liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2007). Plaintiff fails to plausibly allege that Dart had any personal involvement in the alleged unconstitutional incident. Finally, the Cook County Department of Corrections is dismissed because it is a non suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam); *Copeland v. Cook County Jail.org*, No. 12 C 6184, 2012 WL 3476581, at *1 (N.D. Ill. Aug. 13, 2012).

The Clerk is instructed to add Cook County Correctional Officer Mason as a defendant and terminate defendants Cook County, Tom Dart, and Cook County Department of Corrections. The clerk shall also issue a summons for service on defendant Mason and send plaintiff a Magistrate Judge Consent Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to any former employees who no longer can be found at the work address provided by plaintiff, the Cook County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. Counsel is not necessary at this time when considering the case's complexity and plaintiff's abilities. *Romanelli v. Sullivane*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). This is a routine case that pro se inmates often litigate. Plaintiff also has successfully advocated for himself so far in this litigation stating a claim and participating in motion practice.